UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Brian Keith McElroy, | ) | CASE NO. 1:23 CV 203 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Sheriff Frank Leonbruno, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Brian Keith McElroy has filed a document purporting to be both a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 and a civil rights Complaint under 42 U.S.C. § 1983. (Doc. Nos. 1 and 2). At the time he filed the Petition, Mr. McElroy was a pretrial detainee in the Brevard County Jail in Cocoa, Florida awaiting extradition and trial in Lake County on charges of having weapons while under disability, possession of a fentanyl related compound, aggravated possession of drugs, possession of criminal tools, and possession of a drug abuse instrument. For the following reasons, the Court dismisses this action.

**Background**

Mr. McElroy is challenging the criminal proceedings brought against him in Lake County, Ohio. According to the Lake County Court of Common Pleas docket, Mr. McElroy failed to appear for his change of plea hearing, his bond was revoked, and a bench warrant was issued for his arrest. *See State of Ohio v. McElroy*, No. 21CR000115 (Lake Cnty Comm. Pl. Ct. judgment entry filed February 14, 2022). He appeared in court and as a result, the court recalled

the warrant and ordered Mr. McElroy to proceed directly to the Adult Probation Department for a urine screen. He was told he could leave if the urine screen was uneventful. Mr. McElroy, however, did not report for the urine screen and departed the courthouse. The court again revoked his bond and issued an arrest warrant on January 27, 2022. *Id.* Mr. McElroy failed to appear for trial and the court issued another warrant for his arrest on February 14, 2022.

On February 21, 2023, Mr. McElroy signed a written plea agreement in which he pled guilty to having weapons under disability and possession of a fentanyl related compound. The state dismissed the remaining counts. The Lake County Court of Common Pleas sentenced him on April 3, 2023 to twenty-four months in prison on count one and nine months in prison on count three.

Mr. McElroy filed this action on February 1, 2022 as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He asserts claims for unlawful arrest and detainment, denial of equal protection, due process, malicious prosecution, ineffective assistance of counsel, false testimony, failure to intervene, conspiracy to commit civil rights under 42 U.S.C. § 1983, tampering with evidence and denial of a fair trial.

On February 8, 2023, Mr. McElroy filed a Notice to Amend (Doc. No. 2) in which he seeks to add a civil rights Complaint to his Petition, naming the City of Painesville, Madison Township, two Lake county Sheriff's Deputies, the Lake county Prosecutor, a Madison Township Police Officer, his public defender, the "Lake County Judicial Administration." He asks this Court to award him monetary damages and to bring criminal charges against a Sheriff's Deputy for providing false testimony.

**Standard of Review and Discussion**

Federal district courts must conduct an initial review of *habeas corpus* petitions. *See*

28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (citing 28 U.S.C. § 2243; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)). A court must summarily dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)); *see also Allen*, 424 F.2d at 141 (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response from the respondent is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Allen*, 424 F.2d at 141.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). Because the petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

While a pretrial detainee may pursue habeas relief under 28 U.S.C. § 2241, *Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010), Mr. McElroy is no longer a pretrial detainee. Rather, he is now a convicted prisoner. As a convicted prisoner, his habeas petition must proceed under 28 U.S.C. § 2254 and is subject to all the requirements and limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA), including the one-year statute of limitations, limitations on successive petitions, and state court exhaustion requirements.

*Rittenberry v. Morgan* , 468 F.3d 331, 337 -38 (6th Cir. 2006). This Court declines to construe the Petition as one under 28 U.S.C. § 2254, because Mr. McElroy has not had an opportunity to exhaust his state court remedies. His habeas petition is premature and cannot proceed unless he exhausts his state court remedies.

Furthermore, Mr. McElroy may not pursue a civil rights action in a habeas petition. The two statutes, 28 U.S.C. § 2254 and 42 U.S.C. § 1983, provide very different types of relief, have different filing fees, different standards for review, and different procedural requirements. Those claims must be filed in a separate action. Mr. McElroy cannot proceed with them in this action.

## Conclusion

For the foregoing reasons, the Court denies Mr. McElroy's Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241 and dismisses the action without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date: May 22, 2023**  /s/ John R. Adams
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**